UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WARREN TEMPLE,

                          Plaintiff,

                                                                         Case # 15-CV-6116-FPG

v.

                                                                         DECISION AND ORDER

CORRECTIONS OFFICER E. ARQUITT,

                        Defendant.
_____

## BACKGROUND

On March 2, 2015, *pro se* Plaintiff Warren Temple commenced this 42 U.S.C. § 1983 action against Corrections Officer Edwin J. Arquitt and the New York State Department of Corrections in the Northern District of New York. ECF No. 1. He also filed an *in forma pauperis* motion. ECF No. 2. On March 3, 2015, the case was transferred to this District. ECF Nos. 4, 5.

On February 19, 2016, after this case was administratively closed and then reopened, the Court issued a Decision and Order that screened Plaintiff's Complaint with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria and granted Plaintiff's *in forma pauperis* motion. ECF No. 14. The Court found that Plaintiff's excessive force claim against Defendant Arquitt was sufficient to proceed, but the Court dismissed the New York State Department of Corrections as a Defendant because it was entitled to Eleventh Amendment immunity. *Id.*

Defendant Arquitt was served on March 10, 2016, and his answer was due on May 10, 2016. ECF No. 15. By November 1, 2017, nearly one and a half years after that deadline, Defendant had not answered Plaintiff's Complaint or otherwise communicated with the Court. In light of Plaintiff's *pro se* status, the Court ordered Defendant to show cause in writing by December 1, 2017, why entry of default pursuant to Federal Rule of Civil Procedure 55(a) or

default judgment pursuant to Rule 55(b) should not be entered against him for failing to appropriately defend this case. ECF No. 16; *see* Fed. R. Civ. P. 55.

On November 27, 2017, Defendant filed a Suggestion of Death Upon the Record pursuant to Rule 25(a)(1). ECF No. 18. As to his failure to defend this action, Defendant explained that he believed an attorney would be provided for him because this incident allegedly occurred during the performance of his duties as a corrections officer. ECF No. 18-1 at 6. He was unaware that he needed to take action to have a New York State Assistant Attorney General assigned to represent him. *Id.*

In this filing, Defendant also affirmed that Plaintiff died on October 14, 2017, and submitted a copy of Plaintiff's death certificate. ECF No. 18-1 at 2; Ex. B. Defendant indicated that, based upon a review of Plaintiff's death certificate and information obtained from the New York State Department of Corrections and Community Supervision, Plaintiff's sister, Ms. Venus Temple, is his next of kin. ECF No. 18-1 at 2. Defendant certified that he mailed a copy of the Suggestion of Death to Ms. Temple at 175 Main Avenue, #110, Wheatley Heights, New York 11798. *Id.* at 3.

On November 28, 2017, the Court entered a Text Order acknowledging the Suggestion of Death and noting that, according to Rule 25(a)(1),

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

ECF No. 19.

Accordingly, based upon the information Defendant provided, the Court gave Ms. Temple until February 26, 2018 to move to substitute a proper party for Plaintiff, if she wished to do so.

*Id.* The Court indicated that if no such motion were made by that date, this action would be dismissed. *Id.* The Court sent a copy of that Text Order to Ms. Temple at the address listed above.

On January 22, 2018, the Court received a letter from Ms. Temple. ECF No. 20. Ms. Temple requested that, "before any decision is made regarding [this case]," she be "allowed to see all documentation relating to the incident." *Id.*

The same day, the Court entered a Text Order acknowledging that it received Ms. Temple's letter. ECF No. 21. In response to Ms. Temple's request, the Court mailed her a copy of the docket sheet, Plaintiff's Complaint and *in forma pauperis* motion, the Court's February 19, 2016 Decision and Order that allowed Plaintiff's excessive force claim to proceed against Defendant Arquitt, and the Suggestion of Death. *Id.* The Court reminded Ms. Temple that she had until February 26, 2018 to move to substitute a proper party for Plaintiff. *Id.* The Court mailed a copy of this Text Order to Ms. Temple at the 175 Main Avenue address.

On February 26, 2018, the Court received another letter from Ms. Temple. ECF No. 23. She indicated that she "feel[s] the case should be continued," "would like to proceed and continue the case [Plaintiff] started," and was "trying to substitute as proper party for Plaintiff." *Id.* Ms. Temple also asked the Court to appoint her an attorney. *Id.*

On March 14, 2018, the Court entered a Text Order acknowledging that it received Ms. Temple's letter. ECF No. 24. The Court noted that it could not construe her letter as a formal motion to substitute party pursuant to Rule 25(a)(1). *Id.* The Court advised Ms. Temple that it could not offer her legal advice and encouraged her to visit the *pro se* page of the Court's website. *Id.* It also encouraged Ms. Temple to consult the *Pro Se* Assistance Program and provided the dates and times when the program is available in the Rochester and Buffalo Courthouses. *Id.* The Clerk of Court was directed to send Ms. Temple the *Pro Se* Litigation Guidelines and a Counsel

3

Motion form. *Id.* In light of the above, the Court extended the deadline for Ms. Temple to file a proper substitution motion, and gave her until April 27, 2018 to do so. The Court sent Ms. Temple a copy of this Text Order and the Clerk of Court sent her the documents mentioned above. *Id.* All items were sent to the 175 Main Avenue address. *Id.*

On April 26, 2018, the Court received another letter from Ms. Temple. ECF No. 25. She asked whether the Court responded to her February letter and stated that she "really do[es] need legal counsel to help [her] sort through all of this." *Id.* Apparently, Ms. Temple did not receive the Court's March 14, 2018 Text Order, even though the Court sent it to her at the 175 Main Avenue address and the Clerk of Court also sent documents to that address. None of those items were returned as undeliverable, and that address is the only one Ms. Temple used during her involvement with this case and is the one that appeared on her most recent letter.

Thus, on May 2, 2018, in light of Plaintiff's death and the fact that Ms. Temple seemed eager to move this case along, the Court gave Ms. Temple until June 1, 2018 to file a proper substitution motion. ECF No. 26. The Court sent Ms. Temple notice of this new deadline and a copy of the docket sheet, which contained the March 14, 2018 Text Order that Ms. Temple apparently never received, to the 175 Main Avenue address and to venust1234@gmail.com, an email address that appeared on each of her letters to the Court. *Id.*

The last activity in this case occurred recently when the Court received another letter from Ms. Temple dated June 7, 2018. ECF No. 27. Ms. Temple thanked the Court for "responding to [her] request," asked it to "allow this case to continue," and submitted motions to appoint counsel and to proceed *in forma pauperis*. *Id.*

**DISCUSSION**

"Although § 1983 does not have an express provision for the continuation of an action after a plaintiff dies, 42 U.S.C. § 1988 allows for the incorporation of state law when necessary to furnish suitable remedies for § 1983 claims, provided the state law is not inconsistent with federal policy." *Mendez v. Knoblach*, No. 11-CV-961, 2013 WL 6195750, at *2 (N.D.N.Y. Nov. 27, 2013) (quotation marks and citation omitted). "New York law allows for survival of claims arising from the alleged violation of a plaintiff's civil rights to be asserted or continued by the deceased plaintiff's personal representative." *Id.* (quotation marks, alterations, and citations omitted). Thus, a § 1983 action survives the plaintiff's death and may then "be asserted, if at all, on behalf of [the plaintiff]'s estate." *Chobot v. Powers*, 169 F.R.D. 263, 266 (W.D.N.Y. 1996).

The Federal Rules of Civil Procedure, however, not state law principles, "govern the procedure for substitution following a party's death, even where the court must apply state substantive law." *Mendez*, 2013 WL 6195750, at *2 (citation omitted). Under the Federal Rules:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

**A. Timeliness**

As an initial matter, Rule 25(a)(1) indicates that a substitution motion must be made within 90 days after service of a statement noting the party's death. In this case, Defendant served the Suggestion of Death on November 27, 2017, and thus any substitution motion was due by February 26, 2018, which was several months ago. ECF No. 18. If the court grants an extension of time to file a substitution motion, however, a motion filed outside the 90-day window is still considered

timely. *See Roe v. City of New York*, No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *1 (S.D.N.Y. Nov. 19, 2003) (finding substitution motion timely where it was made outside the 90-day timeframe and the court granted the plaintiffs an extension of time to file) (citations omitted); *see also Kernisant v. City of New York*, 225 F.R.D. 422, 427 (E.D.N.Y. 2005) ("The Court is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to Fed. R. Civ. P. 6(b).").

Here, although Ms. Temple's substitution motion was initially due by February 26, 2018, the Court subsequently granted her two extensions of time, with the last deadline being June 1, 2018. ECF Nos. 19, 24, 26. As will be explained below, the Court will afford Ms. Temple another extension of time until August 6, 2018, and thus will consider her substitution motion timely if it is filed by that date.[1]

### B.    Proper Party

Rule 25(a)(1) permits only the substitution of a "proper party." Fed. R. Civ. P. 25(a)(1); *see also Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004) (citation omitted). A proper party is "the successor of the deceased or the representative of his estate." *Id.* (citation omitted). The Court looks to New York state law to define the terms "successor" and "representative." *Id.*

A "representative is a person who has received letters to administer the estate of a decedent," N.Y. E.P.T.L. § 1-2.13, and is "usually either the appointed administrator or executor of the decedent's estate," *Graham*, 224 F.R.D. at 64. A "successor" is a "distributee" of the decedent's estate if the estate has been distributed when the substitution motion is made. *Id.* (citations omitted).

---

[1] Although the Court has liberally awarded Ms. Temple multiple extensions of time in this matter, it advises her that it must balance its interest in managing its congested docket with her interest in receiving a fair chance to be heard. As such, the Court will not be amenable to future extensions of time absent good cause or other compelling circumstances.

Here, Ms. Temple has not shown that she is Plaintiff's successor or the representative of his estate. Accordingly, the Court will give Ms. Temple until August 6, 2018 to submit evidence that Plaintiff's estate has been distributed and she is the distributee of that estate, or that she has been designated under New York law as the legal representative of that estate.

**C.     Proceeding *Pro Se***

Ms. Temple has asked the Court several times to appoint an attorney for her. The Court advises Ms. Temple that there are limitations on a party's ability to proceed *pro se*. Specifically, a *pro se* litigant is only entitled to pursue her own interests. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

Thus, if Ms. Temple demonstrates that she is a proper party to be substituted in this action because she is the legal representative, *e.g.*, the administrator or executor of Plaintiff's estate, she must obtain an attorney to represent the estate's interests. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant.").

Alternatively, if Ms. Temple can demonstrate that she is the primary distributee (the successor) of Plaintiff's estate and that there are no other beneficiaries or creditors whom this action might impact, then she may proceed *pro se*. *See Iannaccone*, 142 F.3d at 560 (allowing the plaintiff to proceed *pro se* on claims for which the estate and its creditors had no right or interest).

Accordingly, in addition to demonstrating that she is a proper party, to proceed *pro se*, Ms. Temple must submit evidence by August 6, 2018 demonstrating that she is the primary distributee of Plaintiff's estate and does not represent the interest of any beneficiaries or creditors whom the

outcome of this case may impact. Without this showing, Ms. Temple must retain an attorney if she wants to proceed on behalf of Plaintiff's estate.

## CONCLUSION

Ms. Temple has until August 6, 2018 to file a proper motion to substitute party pursuant to Rule 25(a)(1) or this case will be dismissed. Defendant may file a response within 14 days after Ms. Temple files her motion.

The substitution motion must be served on Defendant's attorney. *See* Fed. R. Civ. P. 5(b)(1), 25(a)(3). If Ms. Temple or her attorney decide to perform service by mail in accordance with Rule 5(b)(2)(C), they should mail the substitution motion and documents described above to:

> Aaron Matthew Griffin
> Office of New York State Attorney General
> 144 Exchange Blvd.
> Suite 200
> Rochester, NY 14614

The substitution motion and a certificate of service must be filed with the Court within a reasonable time after service is made on Defendant's attorney. *See* Fed. R. Civ. P. 5(d)(1)-(2).

If Ms. Temple or another proper party does not timely file a substitution motion demonstrating that they should be substituted under Rule 25(a) in place of the deceased Plaintiff, this action will be dismissed.

IT IS SO ORDERED.

Dated: July 9, 2018
    Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court